UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NICK LEWIS DIZDAR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-1845** |
| **ST. JOHN PARISH, CAPTAIN SHIRLEY GREY, ST. TAMMANY DEPARTMENT OF PAROLE AND PROBATION, AGENT JEFF QUINN, TURNING POINT OUTREACH MINISTRIES, DIRECTOR ROBERT PENN, STATE OF LOUISIANA** | **SECTION "R"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915(e)(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.     Factual Summary**

The plaintiff, Nick Lewis Dizdar ("Dizdar"), was incarcerated in the West Carol Detention Center in Epps, Louisiana at the time of the filing of this *pro se* and *in forma pauperis* complaint. Dizdar filed this 42 U.S.C. § 1983 complaint against the St. John Parish, Captain Shirley Grey of the St. John Parish jail a/k/a Sherman Walker Correctional Center, St. Tammany Department of Parole and Probation, Parole Officer Jeff Quinn, Turning Point Outreach Ministries and its Director Robert Penn, and the State of Louisiana Department of Corrections.

Dizdar alleges that he entered a plea of guilty to charges of hiring an under-age prostitute, for which he was arrested in April of 2006, and he eventually received an eight year sentence. He was later released on probation on April 11, 2010. Due to what he describes as circumstances caused by the people in control of his life, apparently referring to the defendant Turning Point Ministries and its Director Robert Penn, he was arrested on or about June 1, 2010, and his probation was revoked on July 24, 2010. He was returned to prison to serve the remainder of his sentence. Dizdar further alleges that the circumstances which resulted in his probation revocation consisted of "a combo of prejudices, lack of work ethics, and unfortunate lack of circumstances."

He also alleges that he was illegally employed by Penn, along with hundreds of other released inmates, without compensation for work and non-payment of fees required for a class attended at St. Tammany Parish. He also claims that he acquired an unspecified "major disease" while he was working there.

As a result of the allegations, Dizdar seeks to have his probation reinstated or vacated, and that he be extradited to Akron, Ohio. He also seeks an award of punitive damages as a result of spending a year in jail after his revocation due to the errors of several jails, parish personnel, the department of parole and probation, and the illegally run private institution identified as Turning Point.

## II. Standards of Frivolousness Review

Title 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c) require the Court to sua sponte dismiss cases filed by prisoners proceeding in forma pauperis upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th

Cir. 1993). However, the Court may not sua sponte dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III.    Analysis**

Dizdar alleges in part that his probation revocation was improperly obtained and that he should be relieved from his current confinement. As will be further discussed in this Report, because some of his claims directly challenge the validity of his current confinement, they are barred from review under § 1983 at this time under the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). In accordance with *Heck*, however, the court must also consider as an initial matter any applicable doctrines of absolute immunity and dispose of improperly named defendants.

## A. The State of Louisiana through the Department of Corrections

Dizdar has named as a defendant the State of Louisiana through Department of Corrections ("DOC"). A claim against the State and the DOC in this court are barred by the Eleventh Amendment and must be dismissed.

The Eleventh Amendment to the United States Constitution forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his or her own State. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986). The Louisiana Department of Corrections is a department within the Louisiana state government. La. Rev. Stat. Ann. § 36:401. For Eleventh Amendment purposes, the DOC is considered an arm of the state, since any money judgment against it or its subdivisions necessarily would be paid from state funds. *Anderson v. Phelps*, 655 F. Supp. 560, 564 (M.D. La. 1985). Therefore, suit against the State and the DOC implicates the Eleventh Amendment immunity doctrine. *Muhammad v. Louisiana*, No. 99-2694 c/w 99-3742, 2000 WL 1568210, at *3 (E.D. La. Oct. 18, 2000); *Citrano v. Allen Corr. Ctr.*, 891 F. Supp. 312, 320 (W.D. La. 1995) ("A suit against any state correctional center would be suit against the state and therefore barred by the Eleventh Amendment.") (citing *Anderson*, 655 F. Supp. at 560; *Building Eng'g Servs. Co. v. Louisiana*, 459 F. Supp. 180 (E.D. La. 1978)).

An exception to the Eleventh Amendment prohibition exists where the State has expressly waived its sovereign immunity. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed unequivocally); *Welch v. Dept. of Highways*, 780 F.2d 1268, 1271-73 (5th Cir. 1986). However, the State of Louisiana has not done

so in this case. Furthermore, La. Rev. Stat. Ann. § 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court."

Thus, the plaintiff's claims against the State of Louisiana and the DOC are barred by the Eleventh Amendment. Because the Eleventh Amendment deprives this Court of jurisdiction over the claims against the State and the DOC, those claims should be dismissed without prejudice, *see Warnock v. Pecos County, Texas*, 88 F.3d 341, 343 (5th Cir. 1996), because they are frivolous, fail to state a claim for which relief can be granted, and seek relief against an immune defendant pursuant to 28 U.S.C. §§ 1915, 1915A.

**B.     St. John Parish**

Dizdar also names St. John Parish as a defendant in this case. He has not identified any basis for holding the Parish liable under § 1983.

St. John Parish, as a local governing body, is a "person" within the meaning of § 1983 and therefore is subject to suit under that provision. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). However, a governmental body may not be held vicariously liable for the actions of its employees; rather, it can be liable only "when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible." *Monell*, 436 U.S. at 694. Further, the plaintiff must allege not merely that such an unconstitutional policy or custom exists, but that it was the proximate cause of his injury. *See Collins v. City of Harker Heights*, 503 U.S. 115, 122-24 (1992); *Berry v. McLemore*, 670 F.2d 30, 33-34 (5th Cir. 1982), *overruled on other grounds*, *Int'l Woodworkers of Am. v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986).

In the instant case, Dizdar has not alleged any basis for having named the Parish in his complaint. He has not identified a parish policy, practice, or custom which caused the damages he

asserts in the manner contemplated by *Monell*. Consequently, the claims against St. John Parish should be dismissed as frivolous and for failure to state a claim for which relief may be granted pursuant to § 1915(e), § 1915A, and § 1997e.

### C. Turning Point Outreach Ministries and Robert Penn

Dizdar alleges that he was illegally employed along with hundreds of other released inmates without compensation for work and non-payment of fees required for class attended at St. Tammany Parish. He indicates that he did this work for the Turning Point Outreach Ministries and its Director and CEO, Robert Penn. He has failed to state a basis for any such claim under § 1983.

A private company or a private individual are generally not considered to act under color of law and are not state actors to be held liable under § 1983. *Pleasant v. Caraway*, 25 F.3d 1044 (5th Cir. 1994). Dizdar has not alleged any exception to this general rule that would render Turning Point or Penn liable under § 1983. *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004) (private person/company not liable under § 1983 unless plaintiff alleges and proves an agreement between private and public defendants to commit an illegal act resulting in a deprivation of the plaintiff's constitutional rights); *Burgo v. Houma-Thobodeaux Diocese Official Church Office*, No. 09-CV-1225, 2010 WL 368850, at *2 (W.D. La. Feb. 1, 2010) (Judgment adopting Report and Recommendation) ("A private entity, such as a church, it is not clothed with the authority of law to act on behalf of the state, and as such, it is not subject to suit under § 1983.") Having failed to point to any basis to hold these private actors liable under § 1983, Dizdar's claims against them must be dismissed as frivolous and for failure to state a claim for which relief can be granted.

### D. **Captain Shirley Grey**

Dizdar also named Captain Shirley Grey in her capacity as Head Administrator of the Sherman Walker Correctional Center in St. John Parish. Dizdar does not, however, set forth any allegations against Grey.

A supervisory official cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980).

Dizdar has not alleged that Grey was personally involved in any of the events about which he now complains, including his re-arrest and revocation of his probation. To the extent he seeks to hold her liable for his continuing detention, such a claim would not be appropriate under *Heck*, and have not yet accrued for the reasons that follow later in this opinion.

For these reasons, the claims against Captain Shirley Grey are frivolous and otherwise fail to state a claim for which relief can be granted.

### E. **St. Tammany Department of Parole and Probation and Officer Jeff Quinn**

Dizdar has named his parole officer, Jeff Quinn, and the St. Tammany Department of Parole and Probation ("the Department") as defendants alleging that his probation was revoked based on the lies told by Quinn to the state court which led to his probation revocation. As a result, he seeks

7

to be returned to probation and released from his current confinement and to receive monetary compensation for his wrongful detention.

"[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for harms caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. The holding in *Heck* is applicable to claims attacking the validity of the revocation proceedings. *Almendarez v. Huddleston*, 434 Fed. Appx. 397, 397-98 (5th Cir. 2011) (citing *McGrew v. Tex. Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995)).

Dizdar concedes that he is still incarcerated as a result of the revocation of his probation by the St. Tammany Parish parole officials and court. He has not alleged, however, that any court has called his incarceration or the revocation into question in any of the ways set forth in *Heck*. To the extent his probation was revoked as a result of the alleged falsehood's by Quinn, any ruling by this Court on the veracity of Quinn's statements and actions would call into question the validity of the revocation and Dizdar's incarceration. However, this is prohibited by the *Heck* doctrine. *See Heck*, 512 U.S. at 486-87; *Johnson v. Murray*, 420 Fed. Appx. 327, 328 (5th Cir. 2011) ("The rule set forth in Heck applies to a challenge to the validity of confinement resulting from a parole-revocation hearing.") (citing *McGrew*, 47 F.3d at 161).

"Pursuant to *Heck* [. . .], he has no cause of action for damages until he can demonstrate that the parole revocation decision 'has been reversed, expunged, set aside, or called into question.'" *Norwood v. O'Hare*, 404 Fed. Appx. 923, 924 (5th Cir. 2010) (quoting *Littles v. Bd. of Pardons and*

8

*Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995)). Dizdar has not met this burden. His civil rights claims are not cognizable at this time and must be dismissed with prejudice until such time as the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423 (5th Cir. 1996) (dismissal under *Heck* is with prejudice).

Furthermore, because he has asked this court to release him from his current confinement, his claims to a certain extent sound in habeas corpus. However, this civil rights proceeding is not appropriate for pursuing that type of relief. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g en banc granted and op. vacated*, 133 F.3d 940 (5th Cir. 1997), *rev'd in part on other grounds and op. reinstated in relevant part*, 154 F.3d 186, 187 (5th Cir. 1998) (*en banc*); *Hernandez v. Spencer*, 780 F.2d 504, 504 (5th Cir. 1986). As required by *Heck*, Dizdar must first pursue any such habeas corpus claims in a properly filed state post-conviction application or federal habeas corpus proceeding, if appropriate.

Therefore, the Court must dismiss with prejudice Dizdar's § 1983 claims challenging the validity of his current confinement and his revocation proceedings until such time as the *Heck* conditions are met. *See Johnson*, 101 F.3d at 423. His claims are therefore frivolous and otherwise fail to state a claim for which relief can be granted.

**IV.** **Recommendation**

It is **RECOMMENDED** that Dizdar's § 1983 claims against the State of Louisiana Department of Correction be **DISMISSED WITHOUT PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted, and/or for seeking relief against an immune defendant pursuant to § 1915(e) and § 1915A.

It is further **RECOMMENDED** that Dizdar's § 1983 claims against St. John Parish, Captain Shirley Grey, Turning Point Outreach Ministries, and Robert Penn be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim for which relief can be granted pursuant to § 1915(e) and § 1915A.

It is further **RECOMMENDED** that Dizdar's § 1983 claims against Parole Officer Jeff Quinn and the St. Tammany Department of Parole and Probation challenging the validity of his current confinement and revocation proceedings be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim for which relief can be granted pursuant to § 1915(e) and § 1915A until such time as the *Heck* conditions are met.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 27th day of February, 2012.

   _____
   **KAREN WELLS ROBY**
   **UNITED STATES MAGISTRATE JUDGE**

---

[1]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.